UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 14-50059-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| WESLEY RUNNING SHIELD, | ) | |
| LESLEY RUNNING SHIELD, and | ) | |
| MICHAEL ALFORD, | ) | |
| | ) | |
| Defendants. | ) | |

On July 8, 2014, the government filed an indictment against Wesley Running Shield, Lesley Running Shield and Michael Alford charging the defendants with the offenses of robbery and assault with a dangerous weapon. (Docket 2). Wesley Running Shield and Mr. Alford are charged in a third count with abusive sexual contact. Id. On August 5, 2014, Mr. Alford filed a motion for a continuance. (Docket 38). Lesley Running Shield filed an objection to the motion indicating he did not consent to waive his rights to a speedy trial under either the Sixth Amendment to the United States Constitution or the Speedy Trial Act, 18 U.S.C. § 3161 et seq., and requested his case be severed from the case of the remaining defendants. (Docket 41). The government has no objection. Defendant Wesley Running Shield filed no objection and the time to do so has expired.

## DISCUSSION

"Sixth Amendment and Speedy Trial Act challenges for delay are reviewed independently of one another." United States v. Williams, 557 F.3d 943, 948

(8th Cir. 2009) (citation and internal quotation marks omitted).  Accordingly, the court shall address each right separately.

A defendant's Sixth Amendment right to a speedy trial " 'attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences.' "  United States v. Erenas-Luna, 560 F.3d 772, 776 (8th Cir. 2009) (quoting United States v. McGhee, 532 F.3d 733, 739 (8th Cir. 2008)).  The Sixth Amendment does not specify a time limit in which an accused must be brought to trial.  See U.S. Const. amend. VI.

Because of the "vague" nature of the Sixth Amendment right, "any inquiry into a speedy trial claim necessitates a functional analysis of the right in the particular context of the case[.]"  Barker v. Wingo, 407 U.S. 514, 522 (1972).  To assist courts in evaluating speedy trial claims, the Barker Court established a four-factor balancing test "in which the conduct of both the prosecution and the defendant are weighed."  Id. at 530.  These factors are the length of the delay, the reason for the delay, the defendant's assertion of his right to speedy trial, and the prejudice to the defendant.  Id.  Because the "length of the delay is to some extent a triggering mechanism[,]" courts need not inquire into the remaining factors "[u]ntil there is some delay which is presumptively prejudicial[.]"  Id.; see also United States v. Chahia, 544 F.3d 890, 898 (8th Cir. 2008) ("With respect to the first factor, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay. . . . [I]f the length of the

delay is not presumptively prejudicial, [courts] need not examine the other criteria.") (citations and internal quotation marks omitted). However, "because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case." Barker, 407 U.S. at 530-31.

The indictment was filed against all three defendants on July 8, 2014. (Docket 2). Mr. Alford was in custody prior to that date on another matter and Wesley Running Shield and Lesley Running Shield were arrested on July 9, 2014. Initial appearances for all three defendants occurred on July 10, 2014, before Magistrate Judge Veronica L. Duffy. (Dockets 8, 9 & 17). The court entered a scheduling and case management order on July 14, 2014. (Docket 28). Mr. Alford filed his motion for continuance on August 5, 2014. (Docket 38).

If the court grants Mr. Alford's motion, trial will be scheduled for November 4, 2014. The court finds a delay of two months is not presumptively prejudicial to either Lesley Running Shield or Wesley Running Shield. United States v. Perez-Perez, 337 F.3d 990, 995 (8th Cir. 2003) (a delay of five months is not presumptively prejudicial); see also Chahia, 544 F.3d at 899 (a delay of six and one-half months is not presumptively prejudicial); United States v. Lozano, 413 F.3d 879, 883 (8th Cir. 2005) (a delay of approximately seven months is not presumptively prejudicial); United States v. Titlbach, 339 F.3d 692, 699 (8th Cir. 2003) (a delay of eight months is not presumptively prejudicial). Because the

court finds the delay in bringing defendants to trial is not presumptively prejudicial, the court need not inquire further. At this time, the court finds no violation of any of the defendants' Sixth Amendment rights to speedy trial.

The Speedy Trial Act requires a defendant to be brought to trial within 70 days of his indictment or arraignment, whichever is later. 18 U.S.C. § 3161(c)(1); Williams, 557 F.3d at 950. However, the Act describes periods of delay that "shall be excluded in computing the time within which . . . the trial of any such offense must commence[.]" 18 U.S.C. § 3161(h). Granting the continuance requested by Mr. Alford is excluded from the speedy trial calculation. 18 U.S.C. § 161(h)(7)(A).

The Federal Rules of Criminal Procedure permit the joinder in a single indictment of two or more defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." Fed. R. Crim. P. 8(b). This clear preference for joinder may be overcome if a defendant "can show that the benefits [of joinder] are outweighed by a clear likelihood of prejudice." United States v. Clay, 579 F.3d 919, 927 (8th Cir. 2009) (citation and internal quotation marks omitted); see also United States v. Pherigo, 327 F.3d 690, 693 (8th Cir. 2003) (In "ruling on a motion for severance, a court must weigh the inconvenience and expense of separate trials against the prejudice resulting from a joint trial of codefendants. To grant a

4

motion for severance, the necessary prejudice must be severe or compelling.") (citations and internal quotation marks omitted).

To warrant severance from his co-defendants, a defendant must "show 'real prejudice' . . . ." United States v. Gutberlet, 939 F.2d 643, 645 (8th Cir. 1991) (quoting United States v. Adkins, 842 F.2d 210, 212 (8th Cir. 1988). A "[d]efendant[] can show real prejudice either by showing that their defense is irreconcilable with the defense of their . . . codefendants or that the jury will be unable to compartmentalize the evidence as it relates to separate defendants." Id.

Lesley Running Shield fails to show "real prejudice" at this juncture to warrant severance. Gutberlet, 939 F.3d at 645. The court also finds the inconvenience and expense of separate trials clearly outweighs any prejudice to Lesley Running Shield in joinder. As previously explained, joinder will not violate the constitutional and statutory rights of the defendants to a speedy trial.

Pursuant to § 3161(h)(7)(A), the court finds the ends of justice served by continuing the trial outweigh the best interests of the public and the defendants in a speedy trial. A continuance of the trial is reasonable and necessary given the seriousness and complexity of the case. In accord with the above discussion, the court overrules the objection to Mr. Alford's motion to continue and denies the motion to sever. Good cause appearing, it is hereby

ORDERED that Mr. Alford's motion to continue (Docket 38) is granted and the following deadlines shall apply to all parties:

5

| | |
|---|---|
| Suppression/voluntariness motions | September 16, 2014 |
| Responses to motions due | Within seven days after motion is filed |
| Subpoenas for suppression hearing | September 16, 2014 |
| Suppression/voluntariness hearing before Magistrate Judge Veronica L. Duffy | If necessary, to be held prior to September 30, 2014 |
| Applications for Writ of Habeas Corpus Ad Testificandum | October 7, 2014 |
| Other motions | October 7, 2014 |
| Responses to motions due | Within seven days after motion is filed |
| Subpoenas for trial | October 14, 2014 |
| Plea agreement or petition to plead and statement of factual basis | October 14, 2014 |
| Notify court of status of case | October 21, 2014 |
| Motions *in limine* | October 21, 2014 |
| Proposed jury instructions due | October 21, 2014 |
| Tentative pretrial conference | Monday, October 27, 2014, at 9 a.m. |
| Tentative jury trial | Tuesday, October 28, 2014, at 9 a.m. |

IT IS FURTHER ORDERED that the motion to sever (Docket 41) is denied.

The period of delay resulting from this continuance is excluded in computing the time within which trial of the case must commence. 18 U.S.C. § 3161(h)(7)(A).

Defense counsel must file with the clerk within fourteen (14) days of this order a written consent to the continuance and waiver of the Speedy Trial Act signed by each non-objecting defendant.

All other provisions of the court's scheduling and case management order (Docket 28) remain in effect unless specifically changed.

Dated August 14, 2014.

                BY THE COURT:

                /s/ *Jeffrey L. Viken*
                JEFFREY L. VIKEN
                CHIEF JUDGE